Estate of Jiménez *v.* Ahumada et al.

Appeal from the District Court of San Juan.

No. 180.—Decided April 11, 1908.

PRESCRIPTION.—ACTION FOR ANNULMENT AND RESCISSION—GENERAL DEMURRER.— Where an action is brought for the annulment and rescission of a contract based on error, fraud and a false consideration, without alleging any facts

which show the interruption of prescription, a general demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action will be sustained, where prescription has run more than four years after the consummation of the contract.

ID.—CONSUMMATION OF CONTRACT—WHEN PRESCRIPTION BEGINS TO RUN.—A contract of purchase and sale is consummated from the moment the interested parties so declare regarding the thing bought, and the price agreed upon in the manner provided in the deed as having been received, and from that time prescription begins to run.

ID.—INTERRUPTION OF PRESCRIPTION.—The efforts of a party to secure an attorney to take charge of his defense and his interests is not one of the methods provided for by section 1874 of the Civil Code, to interrupt prescription.

ID.—PERSONAL ACTION—TERM OF PRESCRIPTION.—Where in a complaint actions for annullment or rescission of a contract are exercised, in case they are not sustained, the correction of errors and omissions committed in the liquidation and payment of the purchase price of an urban property, for the recovery of the sum to which they amount, the term of prescription of which is four years, applicable to the two former actions, cannot be successfully alleged against the latter because this is a personal action for the duration of which the law does not fix any special period, and which, in accordance with section 1865 of the Revised Civil Code, prescribes in 15 years.

The facts are stated in the opinion.

*Messrs. López Landrón and Lassalle* for appellant.

*Mr. Bosch* for respondent.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by the Estate of Josefa Jiménez Sicardó *et al.* from a decision rendered in the above entitled case on May 31 last by the Judge of the First Section of the District Court of San Juan sustaining the demurrer of the defendants to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, without permission to amend it, and consequently dismissing the complaint, with the costs against the plaintiffs.

The original complaint in this action was drawn in the following terms:

"Josefa Jiménez Sicardó, the widow of Antonio Sicardó, and her legitimate children, María Dolores, Rosa Candida, María Isabel, José Victor, Ana María Josefa, and Alicia Brigida Sicardó y Jiménez, all of them of age, are compelled to appeal to this court for justice against

Antonio and Fernando Ahumada y Gutierrez, brothers, and to this end through their attorney they allege the following facts:

"1. Josefa Jiménez Sicardó y del Olmo, in her own right and as the representative with *patria potestas* over her minor children who were minors at the time but who are now of age, José Victor, Ana María Josefa, and Alicia Brigida Josefa Sicardó y Jiménez, and her children who had reached their majority, María Dolores, Rosa Candida, and María Isabel Sicardó y Jiménez, on January 29, 1895, by public deed executed in this city of San Juan before José Agustín de la Torre, formerly a notary of the same, sold to the defendants, Antonio and Fernando Ahumada y Gutierrez, in two equal undivided shares, their interest in the ownership of house No. 31, San Justo Street, of this city of San Juan, P. R., such interest consisting of one-half plus one-eighth of another half belonging to the first party named—that is to say, to Josefa Jiménez Sicardó—and of one-eighth of the other half belonging to each of the other plaintiffs; this sale was made for the consideration of 23,903.17 *pesos,* Mexican money, then current in Porto Rico.

"2. The said interests were acquired by the vendors, as shown in the deed referred to, in the following form: Josefa Jiménez Sicardó, one-half of the estate referred to as her ganancial property acquired during her marriage to Antonio Sicardó, and one undivided eighth of the other half by inheritance from her deceased daughter, Mercedes Sicardó y Jiménez, declared her heir by the court of first instance of the capital, then existing, by order of February 17, 1890; and the other vendors each acquired one-eighth of the latter half by inheritance from their father, Antonio Sicardó del Olmo, according to a testamentary disposition executed on June 2, 1889, reduced to a public instrument by order of the following 10th of August, protocoled by act of November 26 of the same year before Notary Maricio Guerra.

"3. Prior to the execution of this deed of sale of January 29. 1895, an authentic copy of which is attached, marked No. 1, as an integral part of this complaint, the house at No. 31 San Justo Street was subject to a chaplaincy in favor of the diocese for the sum of 467.17 *pesos, macuquina* money, with interest at 5 per cent per annum, imposed by Ana Sebastiana Martínez, the original owner of the property; the shares sold to the said Ahumada and Gutierrez were subject to a mortgage amounting to 11,100 *pesos,* Mexican money, constituted in favor of Pedro José Rivas y Morro, and conveyed by the latter to Ignacio Díaz Caneja and A. Lynn, successor of Moris, on January 28, 1893; and another mortgage in favor of Modesto Munítiz

for the sum of 6,000 *pesos,* Mexican money, constituted by deed of January 8, 1890.

"4. Upon the execution of the deed of sale in favor of the defendants, Ahumada and Gutierrez, the latter reserved from the price of said sale the following amounts:

|  | PESOS. |
|---|---|
| Amount of the annuity in favor of the diocese | 467. 17 |
| To pay the mortgage of Ignacio Díaz Caneja and A. Lynn, successor of Moris | 11, 100. 00 |
| For payment of interest on said mortgage | 830. 00 |
| Mortgage in favor of Modesto Munítiz | 6, 000. 00 |
| Amount of the account current which the vendors had with the commercial firm of Ahumada | 2, 506. 00 |
| These sums added together give a total of | 20, 903. 17 |

"The defendants—that is to say, the purchasers—allege that the balance of 3,000 *pesos* was delivered in advance to ⁺he plaintiffs.

"5. The details of the foregoing sums are the following:

"Amount of the annuity in favor of the diocese.

"This annuity was imposed, as has been stated, by the original owner of the estate, Ana Sebastiana Martínez, at a time when *macuquina* money was current in this country. Nevertheless, the purchasers, Ahumada y Gutierrez, deducted it from the price of the sale in Mexican money, without reducing it the 12½ per cent by which said money was reduced when called in for exchange, from which it appears thàt the annuity or chaplaincy of 467.17 *pesos, macuquinos,* became reduced in Mexican money to 408.78 Mexican *pesos;* and consequently there is a balance in favor of the plaintiffs of 58.39 *pesos.*

"Mortgage credit in favor of Ignacio Díaz Caneja and A. Lynn, successor of Moris.

"The plaintiffs admit the principal of the mortgage credit in favor of Messrs. Ignacio Díaz Caneja and A. Lynn, successor of Moris; but they do not admit the sum of 830 *pesos* retained as interest, which had been paid, the receipts for which were improperly, and still continue to be in the possession of Messrs. Ahumada, the defendants, who, under various pretexts, never delivered them, notwithstanding the repeated demands made on them by the plaintiffs.

"Account current:

"The deed of sale shows the amount delivered to be the sum of 2,506 *pesos,* the amount of a credit on account current which the de-

fendants alleged they had against the plaintiffs; and with regard to this sum, we have the following objection to make:

"Josefa Jiménez Sicardó had been running an account current for some time before the sale of the house referred to with the commercial firm which Messrs. Ahumada had in this city. On this account current there were charged to the plaintiffs sums which should under no circumstances have been charged against them, such sums being 600 *pesos* which they charge for expenses incurred in the purchase by Messrs. Ahumada for themselves of an interest in real property of the family of Terrisa Sicardó; and another 600 *pesos* which they charge as agents' commission for purchases.

"These sums, foreign in the matter, are withheld by Messrs. Ahumada.

"Furthermore, Messrs. Ahumada include in said account an item of 242.84 *pesos* which they allege to have paid as arrears of interest on the annuity to which we have referred. This sum was improperly paid, without the knowledge or approval of the persons interested, without first explaining, as should have been done, to what extent the obligation of paying it existed; because the only amount payable was that pertaining to the last five years due, and with a deduction of 12½ per cent authorized by the exchange of *macuquina* money under which the annuity was constituted, or what amounts to the same thing, the deduction of the sum of 116.75 *pesos,* which, reduced to Mexican money, give 102.16 *pesos;* there being consequently a balance in favor of the plaintiffs of 140.68 *pesos.*

"Although it appears from the deed of sale that the balance of the sale price amounting to 3,000 *pesos* was delivered to the vendors, Messrs. Ahumada, the defendants know perfectly well that this is not so, because they retained this sum in their possession by private agreement, subsequently delivering it to Florencio Sicardó without the authority of the plaintiffs, and consequently improperly; although in honor to the truth by which we are guided in this matter, we must and wish to make it a matter of record that Josefa Jiménez Sicardó, the plaintiff, authorized Messrs. Ahumada, the defendants, to deliver to the said Florentino Sicardó not to exceed the sum of 1,000 *pesos,* and said Messrs. Ahumada, in spite of this clear and specific order, made delivery to the said Sicardó of the entire sum of 3,000 *pesos* in their possession as the balance of the price of the sale of the interests to which we referred in the first statement of facts of this complaint, and particularly in the last paragraph of the fourth; consequently, said Messrs. Ahumada should return the difference of 2,000 *pesos* which

they had delivered unduly, capriciously and wrongfully. and in violation of the order they had received from Mrs. Josefa Jiménez Sicardó.

"6. We find, therefore, that Messrs. Ahumada, the defendants, have withheld, and still withhold, wrongfully from the plaintiffs, the following sums:

| | |
|---|---:|
| From the chaplaincy in favor of the diocese | $58. 39 |
| By interest on said annuity | 140. 68 |
| By interest on the mortgage of Ignacio Díaz Caneja and A. Lynn, successor of Moris | 830. 00 |
| Expenses and commission for the purchase of an interest in real property from the family of Terrisa Sicardó | 1, 200. 00 |
| Improperly delivered to Florentino Sicardó | 2, 000. 00 |
| Total in Mexican money | 4, 229. 07 *pesos* |
| Equivalent in American gold | 2, 410. 57 |

"The foregoing items give a total of 4,229.07 *pesos* in Mexican money, or $2,410.57 in American gold.

"7. But in addition to these items, the brothers who purchased that house at No. 31 San Justo Street, Antonio and Fernando Ahumada y Gutierrez, also withheld as part of the price of the sale of this estate, 6,000 Mexican *pesos* for the payment to Modesto Munítiz of a mortgage which had been constituted in his favor for said sum by Josefa Jiménez Sicardó by deed of January 8, 1890, executed before Notary Mauricio Guerra of this city, an authentic copy of which is attached as an integral part of this complaint.

"8. This mortgage of January 8, 1890, as shown by the stipulations of the first clause of its fourth statement, was executed by Mrs. Jiménez Sicardó upon confession—that is to say, upon a mere statement in good faith by her—of having previously received said sum of 6,000 Mexican *pesos* from the hands of Munítiz, who had only agreed to furnish her said sum as a loan, but had never actually done so.

"9. That the petitioner, Josefa Jiménez Sicardó, had no objection to. the deduction and retention of this sum of 6,000 Mexican *pesos* in the possession of the purchasers, Ahumada, and because the mortgage having been thus given she was required to give the amount for payment to Munítiz as an obligatory payment and condition of the sale.

"10. That the vendee brothers, Antonio and Fernando Ahumada, did not pay Modesto Munítiz the 6,000 *pesos* of the loan proposed un-

der the mortgage security furnished in advance, but went to the house
of Munítiz and secured his receipt for nominal value received, subsqently leading Mrs. Jiménez Sicardó to believe that they had actually been obliged to pay Munítiz.

"11. That the brothers Antonio and Fernando Ahumada, instead
of making restitution and returning the said 6,000 *pesos* to Mrs.
Jiménez, maliciously appropriated it and kept silent with premeditated malice, committing fraud in this sum and interest.

"12. That since 1896 to the present time, every year, the plaintiffs have been making investigations and consulting a number of
lawyers to secure from the Ahumada brothers an accounting, in
any legal form, and payment of damages on account of fraud and loss.

"13. That recently the petitioner, Josefa Jiménez Sicardó, positively ascertained the fact that neither of the Ahumada brothers
had actually paid Munítiz the 6,000 Mexican *pesos* withheld from
the price of the estate in compliance with the agreement.

"14. That the deed of January 29, 1895, executed before Notary
La Torre, has not been complied with in all its parts, nor in the last
special respect by the actual *payment* to Munítiz, nor with regard
to the deliverey of the balance of the price, and consequently it is not
consummated as a bilateral contract for all legal purposes.

"15. That the plaintiff vendors gave their consent to the deed of
January 29, 1895, executed before Notary La Torre through error
as they had been led to believe that execution proceedings were to
be instituted immediatetly by the mortgage creditors of the estate, and
they considered this cause as a real, actual and imminent threat of
the total loss of the estate.

"16. That the plaintiffs having been thus intimidated by the Ahumada brothers and induced to enter into the contract by insidious
machinations on the part of the Ahumada brothers, they have never,
either expressly or by implication, confirmed the said contract.

"17. That neither Modesto Munítiz, according to his commercial
books, nor the Ahumada brothers, according to their private books,
nor the firm which they constituted of Ahumada & Co., according to
its books, had never made any entry whatsoever of the 6,000 *pesos*
corresponding to the loan of Munítiz and its payment, which had never
had any value or real and actual effect.

"In view of the facts alleged, which will be borne out by the evidence, the plaintiffs pray the honorable court to render final judg-

ment in due time, holding and decreeing for due and immediate execution:

"1. That the deed of January 29, 1895, executed before José A. de la Torre, a notary of this city, and all other deeds executed as a consequence thereof, be annulled in accordance with subdivision 2 of section 1273 of the Civil Code;

"2. If such annullment does not lie, that such deeds be set aside or rescinded.

"3. In any event, the correction of the items making up the price of the sale referred to in said deed of January 29, 1895, by making the just and proper deductions indicated and proposed in the allegations of this complaint, with interest thereon.

"4. Taxation of the costs of the proceedings against the defendant opposing them. San Juan Bautista de Puerto Rico, United States of America. Respectfully (signed), Rafael López Landrón, Franco Lasalle, Attorney for plaintiffs."

The defendants demurred to this complaint on the grounds set forth in the fourth, fifth, sixth and seventh subdivisions of section 105 of the Code of Civil Procedure; and the plaintiffs, availing themselves of the right granted by section 139 of said Code, amended the third prayer of the complaint, to which one of the grounds of demurrer referred, in the following terms:

"3. If the foregoing prayers be not granted, the correction of the items making up the price of the sale referred to in said deed of January 29, 1895, by making the just and proper deductions indicated and proposed in the allegations of this complaint, with interest thereon."

Upon counsel for the defendants receiving notice of the amendment made by the plaintiffs, they demurred to the complaint thus amended, under the sixth and seventh grounds of said section 105 of the Code of Civil Procedure—that is to say, on the ground that the complaint did not state facts sufficient to constitute a cause of action, and that it was ambiguous, unintelligible and doubtful—and a hearing having been

had on said demurrer with the attendance of counsel for both parties, the court rendered the following decision:

"It is alleged in this case that on January 29, 1895, the plaintiffs entered into a public contract under which they sold to the defendants, subject to a clause of repurchase, their interest in the ownership of house No. 31, San Justo Street, in this city, for the price of 23,903.10 *pesos,* and in their complaint, filed in the office of the clerk of the court on November 3, 1906, they allege that there was an error and false consideration in such obligations, the latter due to their having been led to believe that they were about to be sued and their house sold, and the error because a number of sums which they appeared to owe, and for the payment of which the vendees withheld a sum of money, were not actually owed, among these sums appearing a number of items of an account current which the vendors owed the vendees, which account had been liquidated and the balance therefrom acknowledged as correct in such document; an error which is also based on other items of the same character, and on these grounds the annullment or rescission of said contract is prayed for. The said complaint contains the allegation that since the year 1896 the plaintiffs had been making investigations and had consulted a number of lawyers for the purpose of proceeding against the defendants, but it is not alleged that judicial proceedings were instituted.

"The defendants have demurred to this complaint on the ground that it does not state facts sufficient to constitute a cause of action, and that it is ambiguous.

"The first ground of the demurrer is the more important, and we shall begin with it.

"Even if the complaint were true as formulated, there is no doubt that it does not constitute a cause of action, because the prescription of such action is evident from its contents. If the consent was vitiated by error, and an action to set it aside lay on this ground, the period of four years fixed in section 1268 of the Civil Code has more than elapsed, because in cases of error, fraud, or falsity of consideration the time for the institution of proceedings begins to run from January 29, 1895, on which date the contract was consummated, and, between that time and the filing of this complaint more than four years have elapsed without the period of prescription having been interrupted; and section 1874 of the Civil Code requiring, as it does, that in order that an interruption may be considered, it must be alleged judicially or extra-judicially, and the fact of having consulted

a number of lawyers, instead of instituting proceedings until the present time, cannot be considered as an interruption of the term of prescription.

"The prescription of 15 years is not applicable, because the Code fixes a special period for prescription of an action for annulment, which is the same for cases of rescission.

"Although the rescission is prayed for, none of the grounds determined therefor by section 1258 are alleged in support thereof, but it is based on causes which invalidate consent, thereby entailing annulment, but not rescission.

"As the demurrer lies on the ground considered, there is no need of discussing the other ground thereof.

"For these reasons the court decides to sustain the demurrer of the defendants on the ground that the complaint in this case does not state facts sufficient to constitute a cause of action against them, without granting leave to amend; and it orders that the secretary enter a judgment on the ground of withdrawal, with the costs against the plaintiffs.

"Done in open court this 31st day of May, 1907. (Signed) Pedro de Aldrey, Judge."

The judgment rendered as a consequence of the foregoing decision reads as follows:

"On April 19, 1907, in open court, this cause was called for hearing on the demurrer of the defendants to the complaint, which hearing was had with the attendance of the parties above mentioned, represented by their counsel, and the court heard their allegations and arguments.

"And the court, taking into consideration such allegations and arguments, and upon the grounds set forth in its decision, which is attached to the record, decides to sustain the demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action against the defendants, without granting leave to amend; and therefore the complaint of the plaintiffs is dismissed, with the costs against them.

"Pronounced in open court this 31st day of May, 1907.

"Entered this 4th day of June, 1907, instead of the first of said month and year, when it should have been entered according to law. (Signed) Pedro de Aldrey, Judge of the First Section."

Counsel for the plaintiffs took an appeal in due form from this judgment; and the transcript of the record having been transmitted to this Supreme Court, with full copies of the deeds of purchase and sale of January 29, 1895, and of the previous voluntary mortgage deed in favor of Modesto Munítiz of January 8, 1890, which was filed with the complaint as an integral part thereof, and a statement of facts approved by the judge, the hearing was had with the attendance of counsel of both parties, who made their respective arguments.

The facts of the case having been stated, let us now proceed to examine the grounds of the demurrer to the complaint filed by the defendants, Fernando and Antonio Ahumada.

In the complaint as formulated after the amendment thereof by the plaintiffs, the three following causes of action are exercised simultaneously, but subsidiary: "In the first place, it is sought to secure the annullment of the deed of January 29, 1895, executed before José A. de la Torre, a notary of this city, and all other deeds executed as a consequence thereof, in accordance with subdivision two of section 1273 of the Civil Code; in the second place, the rescission of such deed, if the annulment thereof does not lie; and in the third place, in which particular the complaint was amended by the plaintiffs, if the foregoing prayers are not granted, that the defendants be adjudged to correct the items making up the price of the sale referred to in said deed of January 29, 1895, by making the just and proper deductions indicated and proposed in the allegations of this complaint, with interest thereon.

The defendants demurred to the complaint thus amended on the ground that it did not state facts sufficient to constitute a cause of action and that it was ambiguous, unintelligible and uncertain, alleging in support of the first ground that the complaint having been filed after more than the four years fixed by section 1268 of the new Civil Code, within which annullment can be sought, having elapsed without the complaint alleging any cause which might serve to interrupt the pre-

scription, the action brought should be held to have prescribed both with respect to the nullity and with respect to the rescission of the contract, the period for which is four years also, especially when none of the grounds authorizing rescission set forth in section 1258 of said code had been alleged in support thereof, but only the errors and fraud which the plaintiffs allege the vendees, Messrs. Ahumada, had committed in the liquidation and payment of the price of the purchase and sale, and which, although they might in a proper case be a ground for the annullment of a contract, do not constitute a cause to demand rescission, which constitute a different cause of action and presuppose the existence of a contract, valid and efficient in its origin and which is based on entirely different grounds; and consequently that the complaint does not state facts sufficient to constitute a cause of action both with respect to the nullity and rescission of the contract of purchase and sale of January 29, 1895.

This demurrer was sustained by the judge of the trial court, and, in the opinion of the undersigned, with sufficient ground and reason.

In accordance with the provisions of article 1301 of the former Civil Code, concordant with section 1268 of the code in force, a right of action for nullity of contracts continues four years only, which period shall begin to run, according to said section, in cases of error, deceit, or falsity of consideration, from the date of the consummation of the contract—that is to say, from the moment that each of the contracting parties complies with all of his respective obligations under the stipulations thereof.

In the deed of January 29, 1895, submitted by the plaintiffs as a part of the complaint, and which must be so considered, the persons interested made the following statements:

With respect to the sale, that Mrs. Josefa Jiménez y Sicardó, in her own right and on behalf of her minor children, José Victor, Ana María and Alicia Brigida Sicardó y Jiménez, availing herself of the authority which she had requested

and obtained for the purpose, and her children of age, María Dolores, Rosa Cándida, and María Isabel Sicardó y Jiménez, conveyed by sale to the brothers Antonio and Fernando Ahumada y Gutierrez, in two equal undivided shares, their respective interests in the ownership of the house described on San Justo Street of this capital, which conveyance the vendors made with all the appurtenances and rights pertaining to the interests which they assigned in order that the purchasers should dispose thereof as legitimate owners, without any other reservation than that consequent on the clause of repurchase embodied in the deed availing themselves for this purpose of said deed, through which they received the possession of the interests in the ownership acquired.

And with reference to the price, that the sale was made for the consideration of 23,903.17 *pesos,* in money then current, which was Mexican, payable in the following form: Four hundred sixty seven *pesos* and 17 *centavos* which they retained in their possession as the amount of the annuity on said house in favor of the diocese and which the purchasers agreed to acknowledge and pay in due time; 11,100 *pesos* which they also retained in their possession to pay the mortgage creditors, Ignacio Díaz Caneja and A. Lynn, successor of Moris, with interest due and unpaid to the date of the deed, amounting to the sum of 830 *pesos;* 6,000 *pesos* which they also retained in their possession for the mortgage credit amounting to the same sum held by Modesto Munítiz which the purchasers had paid, for which reason the former signed the deed and gave them the proper receipt and full cancellation of the credit referred to; 2,500 *pesos* under the account current owed them by the vendors which they deducted from the price, and the balance of 3,000 *pesos* to make up the sum of 23,903.17 *pesos* as the price offered, of which the vendors acknowledged the receipt, to their satisfaction in proportion to their respective interests in the estate.

It is to be inferred, therefore, from these statements of the parties that the contract of purchase and sale in question

was not only perfected by the consent of the contracting parties with reference to the thing the object of the purchase and sale and the price, but that from the date of the execution of the deed the contract was consummated by the delivery of the thing sold to the vendees and the payment of the price in the form agreed on; and this being the case, it appears to be clear and evident that from said date the four years of the period provided by law for the institution of actions to set aside contracts began to run, in accordance with the provisions of the section 1268 of the Civil Code in force, and as the complaint was not filed until the year 1906—that is to say, 11 years after the date of the deed—and the complaint does not allege any fact from which it may be inferred that prescription was interrupted in any of the manners specified in section 1874 of said Code, because the steps which the petitioners allege they have been taking since the year 1896 to find an attorney to take charge of the defense of the plaintiffs cannot produce such effect; hence it is evident that the action to annul the contract brought here had already prescribed when the complaint was filed, and consequently that the complaint did not state facts sufficient to constitute a cause of action, which is exactly what the judge of the trial court held in the decision appealed from.

The relations of the plaintiffs in the complaint of the various errors and frauds alleged to have been committed by the Ahumada brothers in the liquidation and payment of the price of the purchase and sale, cannot serve to show that the price was not actually paid by the purchasers in the form agreed on, and consequently that the contract was not consummated, and that not only had the action to set aside the contract deduced in the complaint not prescribed, but that the term for the prescription had not even begun to run, and that they were in a perfect legal position to file it when they did.

For all legal purposes the contract of the purchase and sale in question was consummated the moment the parties

interested so declared by acknowledging the receipt of the thing purchased and the price agreed on, respectively, in the form established in the deed. If subsequently the vendors discovered the errors and frauds which they allege to have been committed by the Ahumada brothers in the liquidation and payment of the price, there is no doubt of the fact that they have a perfect right to demand indemnity for damages and even that the contract should be set aside, if proper, but they should have done this within the period fixed by the law for bringing an action to secure the annullment of the contract, because after such period shall have elapsed, without the course thereof having been interrupted in any of the ways specified in the law, the action prescribes and can no longer be brought.

The same is the case, and with greater reason, with respect to the other action for the rescission of the contract which is also instituted subsidiarily in the complaint; because apart from the fact that none of the grounds which give rise thereto are alleged, the complaint was also filed after the expiration of the four years established in section 1266 of the Civil Code in force within which to seek the rescission of contracts, and consequently the action brought had already prescribed and the demurrer filed was perfectly proper.

But although this is the case with the two causes of action first deduced in the first two grounds of the complaint, it is not the case, in the opinion of the undersigned, with respect to the other action deduced in the third place to the effect that if neither the annullment nor the rescission of the contract should be held to lie, the defendants be adjudged to correct the errors and omissions committed in the liquidation and payment of the price of the purchase and sale and to indemnify the plaintiffs in the sums to which they may amount, as stated in the complaint, with interest, because this being a personal action for which the law does not fix a special period

of duration, it prescribes after the 15 years established in section 1865 of the Civil Code in force for the prescription of personal actions for which no special period of prescription is fixed, and the complaint having been filed within 11 years from the date of the execution of the contract, it is evident that it was filed in due time and should be heard as to such point, especially when having been amended in the terms in which it was last drawn the contradiction which previously existed between this point and the other two preceding it of the prayer of the complaint, which really made it unintelligible and doubtful, disappeared.

In view of the considerations stated the undersigned justice is of the opinion that the judgment appealed from should be affirmed in so far as it sustained the demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action against the defendants, without leave to amend it, and consequently dismissing the complaint of the plaintiffs; but that this should be understood, with respect to the annullment and in a proper case, the rescission to which the first two prayers of the complaint refer, and the judge is hereby ordered to hear said complaint with reference to the third prayer thereof relating to the correction of the items making up the price of the sale and the deductions indicated and proposed in the allegations of the complaint with interest thereon; and furthermore overruling the other ground of the demurrer filed by the defendants to the effect that the complaint is ambiguous, unintelligible and doubtful, without any special taxation of costs in either instance.

*Partially reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.